HEASTON *v.* COLGROVE.

A plaintiff cannot recover upon a special count for the non-performance of
a written agreement, if the evidence shows that he failed to fulfill his
part of the agreement.

A defendant, sued upon a parol contract, may prove, by way of recoup-
ment, any damages he has sustained by the breach of the contract by
the plaintiff, if he has pleaded or given notice of such defense.

Instructions given to the jury cannot be objected to in the Supreme Court,
unless they were excepted to in the Court below.

ERROR to the *Randolph* Circuit Court.

PERKINS, J.—*Silas Colgrove* sued *David Heaston* in an
action of assumpsit. The declaration contained special
counts, and a common count. The special counts were
upon the following instrument:

*Friday,
January 30,
1852.*

" An article of agreement made and entered into by
and between *David Heaston* of the one part, and *Silas
Colgrove* of the other part, on this 17th day of *May*, A.
D., 1847, witnesseth: that the said party of the first part
for themselves, agree to furnish one double carding ma-
chine at the steam saw-mill in *Winchester*, *Randolph* coun-

ty, *Indiana;* also, the necessary power to run two carding machines during the present season, or so long as there is carding to be done during the present season; they also agree to put and keep said machine in good carding order, at his expense, and to furnish fuel necessary to run said steam-power, engines, &c.

" The said *Silas Colgrove* agrees to furnish one double carding machine, which is now owned by him, and set it up in the building now occupied by said *Heaston* and *Hutchens* for carding, and put said machine in as good order for carding as *Heaston* and *Hutchens's* machine is, and keep it so, at his own expense; also a picker. And he also agrees to pay the said *Heaston* and *Hutchens* 50 cents per day for each day that said machines are run, for the power to run them; and each of said parties are to pay one-half of the expense for hands necessary to card, and the proceeds of all the carding done during the season to be equally divided between the parties, to-wit: said *Heaston* and *Hutchens* to have one-half, and the said *Colgrove* to have one-half. If said machines are run after night, the said *Colgrove* is to pay at the rate of 50 cents per day for the time run, for the power. Proceeds to be divided once a week." (Signed,) "*David Heaston, Silas Colgrove.*"

These counts alleged for breach that said *Heaston* did not comply with his part of the agreement, &c.

The common count was for the use of a wool-picker for a long time, &c.

The general issue was pleaded, and several special pleas. The special pleas were held bad on demurrer. The cause was tried upon the general issue, and the plaintiff had judgment.

The judgment must be reversed. The declaration is not sustained by proof. The evidence shows clearly that the plaintiff failed to comply with the agreement sued on, on his own part. He could not, therefore, recover on the special count on said agreement. The count for the use of the picker is only proved to the amount of 8 dollars, while the judgment is for a sum exceeding 20 dollars.

On the trial, the Court refused to permit *Heaston* to give evidence as to the damage he had sustained by *Colgrove's* breach of the agreement. *Heaston* had a right, on pleading or giving notice of such defense, to give evidence thereof on the trial on the common count, by way of recoupment of damages. *Epperly* v. *Bailey*, at this term (1).

The Court gave written instructions to the jury. They thereby became a part of the record. Some of those instructions are complained of in this Court; but, as they were not excepted to below, they cannot be objected to here. If evidence is given on the trial, and is incorporated in a bill of exceptions, and thus made a part of the record, we do not reverse the cause in which it is given, unless it appears, also, that the evidence was objected to, even though said evidence was not legally admissible. The party, by not making his objection below, waives it. So in reference to instructions.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*B. McClelland*, for the plaintiff.

*D. Kilgore*, for the defendant.

(1) See *ante*, p. 72.