## JAMES E. BOYETT *v.* ARCH. BRASWELL.

Before a plaintiff can recover, in an action for an alleged breach of contract, he must show either that he has complied with the contract, or has been relieved from complying by the conduct of the defendant.

An agency to receive certain articles of personal property, is no evidence of an agency to dispense with the delivery of such articles.

This was a CIVIL ACTION, for the recovery of $200, commenced in the Court of a Justice of the Peace, and carried by appeal to the Superior Court of EDGECOMBE, and tried before *Moore, J.*, at the July Term, 1874, of that Court.

On the trial below, the plaintiff testified that one Brantly had purchased a steam saw-mill of the defendant, and that he, Brantly, made a contract with him, (Boyett, the plaintiff) for the hauling of 200,000 feet of timber, at 40 cents per hundred— Brantly, who was insolvent, telling him that the defendant was to pay the money for the hauling. That witness went to defendant and told him of the bargain, and asked if he would pay the witness the money if the hauling was done; that after some talk about the price—the defendant saying that it was too much, that 30 cents was good pay, he agreed to pay according to Brantly's contract, if witness would give him, Braswell, no further trouble. That he, the plaintiff, then hauled one day, and then sub-let his contract to one Vanhook for 30 cents per hundred, or $600. Plaintiff further stated, that in this contract he was to furnish provender for his, Vanhook's oxen; that he saw Brantly about Vanhook, and that Brantly agreed that if Vanhook was remiss in hauling the logs, to give plaintiff notice. That shortly after this, witness heard from Vanhook, that he was nearly out of provender for his oxen; that he went to the mill and Vanhook was absent; that he left $15 with one Leggett for Vanhook; and that he, the plaintiff, heard nothing more from the matter until sometime thereafter at a preaching on a Sunday, when he asked Vanhook how he was getting on? when Vanhook told him that he, the witness

(and plaintiff,) was out of it, and that he was working under a new contract with Braswell. That no one gave him notice of Vanhook's purpose to stop work, or of the new contract with Braswell, the defendant, until Vanhook told him of it as above said.

Braswell, the defendant, testified that he sold the mill to Brantly and Kitchen, irresponsible parties, and was to reserve the title to the same, until they paid 140,000 feet of lumber ; that he was to have nothing to do with running the mill, nor furnishing logs, nor was Brantly authorized to make any contract for him. That Boyett, the plaintiff, came to him and told him that he made a contract with Brantly to deliver 200,000 feet of lumber at the mill for 40 cents per hundred ; that he, the defendant said to him, " Well look to Brantly for your pay ;" that Boyett answered, that Brantly said that he, the witness was to pay ; that he then told Boyett, that he was willing to pay 30 cents, which was as much as the work was worth, and that he, Boyett, must look to Brantly for the other 10 cents. This Boyett declined, and the witness then said to him, " Well, if you will put 200,000 feet of lumber on the mill and give me no further trouble, I will pay you $800, when the lumber is on the yard.

It was also in evidence, that Vanhook worked several yoke of oxen and a large number of hands, sufficient to supply the mill ; that Leggett returned to Boyett the $15 left with him for Vanhook, stating to him, Boyett, that Vanhook said he could not get along with this small amount ; that this return of the money was after Vanhook told Boyett at church, that he was out of it. That Boyett also said to Leggett, when this money was refunded, that he was going to stop hauling. It likewise appeared, that Vanhook and one Hearne, who, in the meantime had purchased an interest in the mill, went to the defendant, Braswell, who, at the instance of Hearne, employed Vanhook at 30 cents per hundred, or $600—Hearne telling Braswell at the time, that Boyett would not furnish Vanhook the means to carry out his sub-contract.

It was also stated, that before Boyett gave the money to Leggett, one Hearne told Boyett, that Vanhook said he must have more provender or he would have to stop.

His Honor, amongst other instructions, charged the jury, that it was a question for them, upon the foregoing evidence, whether Brantly was Braswell's agent to receive the lumber ; that if he was, then he had the right as receiving agent, to arrange about the manner of delivery ; and if he agreed to give Boyett notice, and Braswell made a new contract with Vanhook, before Boyett was put in default by notice, the plaintiff would be entitled to recover.

The jury returned a verdict for the plaintiff. Motion for a new trial ; motion overruled. Judgment and appeal by the defendant.

*John L. Bridgers, Jr.*, for appellant.

The defendant excepts:

1. That the Court erred in submitting the question, whether Brantly was Braswell's agent, there being no evidence of such agency.   *Wittkowsky & Rintels* v. *Wasson*, 71 N. C., 451 ; *State* v. *Vinson,* 63 N. C., 335 ; *Cobb* v. *Fogleman*, 1 Ire., 440 ; *State* v. *Revels*, Busb. 200 ; *Sutton* v. *Moore*, 2 Jones, 320 ; *Smith* v. *Fort*, 71 N. C., 54 ; *Bond* v. *Hale*, 8 Jones, 15 ; 3 Hawks, 5.

2. In admitting the declarations of Brantly as testified to by Boyett, there being no evidence tending to establish an agency between Braswell and Brantly.   *Williams* v. *Williams*, 283, 284, 6 Ire.

3. In that the Court charged, that if Brantly was Braswell's agent, he, Brantly, as receiving agent, had the right to arrange about the manner of the delivery ; and if he agreed to give Boyett notice, and Braswell made a new contract with Vanhook before Boyett was put in default by notice, plaintiff was entitled to recover.   *Dula* v. *Cowles*, 4 Jones, 521 ; *Jones* v. *Eason*, 2 Ire., 337.

*Perry*, contra, insisted :

The only exception of defendant is, that there was no evidence of Brantly's authority to bind the defendant by his agreement to notify plaintiff of Vanhook's default.

If there was any evidence of such authority, it was proper for the jury to consider it. *Blackledge* v. *Clarke*, 2 Ire., 394 ; *Wells* v. *Clement*, 3 Jones, 168 ; *State* v. *Allen*, 3 Jones, 257.

2. The testimony of both plaintiff and defendant furnishes evidence, which his Honor properly left to the jury, of such authority.

*a.* Plaintiff says that Braswell " promised to pay according to Brantly's contract."

*b.* According to the testimony of both, the defendant failed to make any stipulation as to the delivery of the lumber.

*c.* Defendant testified he was to have nothing to do with furnishing the lumber. All this was proper to be considered by the jury, and justified the inference that all the details of the arrangement were to be under the control of Brantly.

*d.* According to the original agreement between plaintiff and Brantly, the former was by implication entitled to be notified by Brantly of any dissatisfaction the latter might have on account of his want of promptness in the delivery of the lumber. So that the subsequent agreement in regard to Vanhook's remissness did not vary the contract, which the defendant had expressly ratified.

*e.* The fact that Braswell retained the title to the mill, and was to receive pay for it in lumber, was proper to be considered by the jury as evidence, in connection with other circumstances.

READE, J. The plaintiff cannot recover for an alleged breach of contract on the part of the defendant, without showing that he, the plaintiff, had complied with his part of the contract; or without showing that he had been relieved from complying by the conduct of the defendant. Here, then, is no pretense that the plaintiff had complied, and the only ques-

tion is, whether he had been relieved from complying by the conduct of the defendant.

The plaintiff says that one Brantly, to whom the defendant had sold his saw mill, and who was to pay defendant for it in lumber, promised the plaintiff that if Vanhook, who was the plaintiff's agent to deliver timber in compliance with plaintiff's contract with the defendant, should be " remiss " in delivering the timber he, Brantly, would notify the plaintiff of it, so that the plaintiff might himself deliver it; and that Brantly never gave him any such notice.

It is clear that nothing which Brantly said or did can affect the defendant, unless he was the defendant's agent, to say or do that thing. And here there is *no evidence* that Brantly was authorized to say or do anything to relieve the plaintiff from his undertaking to deliver 200,000 feet of timber or saw logs, at the mill. The plaintiff says, that the fact that Brantly was in possession of the saw mill and was to receive and saw the logs, is some evidence from which the jury might infer that Brantly was the agent of the defendant. Grant that to be so, yet, for what purpose was he the defendant's agent? Agent to receive the timber.

And then, his Honor charged the jury, that if Brantly was the defendant's agent to receive the timber, then he was his agent to make the promise to notify the plaintiff of the remissness of Vanderhook, the plaintiff's agent; and that a breach of that promise by Brantly relieved the plaintiff from his contract with the defendant to deliver the timber, and authorized the plaintiff to recover of the defendant, just as if he had de- livered it.

The proposition cannot be maintained, that an agency to *receive* is evidence of an agency to *dispense* with the *delivery.* Hence, there is no direct evidence of any agency at all ; and the plaintiff only insists that the fact that Brantly was in pos- session of the mill when the logs were to be delivered, is some evidence of his agency to receive. Grant that to be so. Then if the plaintiff had shown that he had carried the logs and

offered to deliver them, and the agent would not receive them, he might with force, have insisted that he had complied with his contract to deliver.

The plaintiff seeks to give merits to his case by the consideration that if he had had notice of the default of his agent, Vanhook, he would have complied with the contract by delivering the logs himself. But he fails upon the merits; for although Brantly did not notify him, yet Vanhook did; and that was better. The plaintiff failed to furnish Vanhook with food for his oxen, as he had agreed to do, and therefore Vanhook could not haul the logs, and notified the plaintiff that he " was out of it."

Our conclusion is that his Honor ought to have charged the jury that there was no evidence that the plaintiff had complied with his part of the contract, or been relieved from complying, and therefore the plaintiff was not entitled to recover.

There is error.

PER CURIAM.                    *Venire de novo.*