### THE ALIDA.*

*(Circuit Court, E. D. Pennsylvania. April 24, 1882.)*

1. PRACTICE—JOINDER OF ACTIONS IN REM AND IN PERSONAM.
    Proceedings *in rem* and *in personam* cannot be joined in the same libel, except in the cases specified in the admiralty rules promulgated by the supreme court.

2. CONTRACT—MUTUAL PERFORMANCE.
    One party to a contract cannot recover damages for its breach if he has failed to perform his part of it.

Appeal from the decree of the district court.

See opinion reported in 8 FED. REP. 47.

*Theodore M. Etting* and *Henry R. Edmunds,* for libellant.

*Henry Flanders,* for respondents.

McKENNAN, C. J. On the twenty-sixth of May, 1880, at Philadelphia, T. Conrow, for the owners of the steam-tug Alida,—he being the equitable and thus the real owner of the entire vessel,—proposed to charter to G. H. Ferris the tug for two months, at the price of $500 per month, for the purpose of "towing in North Landing river and Currituck sound," North Carolina; the tug to be furnished with coal. This proposal was accepted by Ferris. It was also agreeed that Ferris should furnish the master with provisions for his crew, and should pay the current expenses of the tug, the amount so expended to be deducted from the hire of the vessel, and the residue, if any, to be paid at the end of each month. The tug left Philadelphia on the twenty-seventh of May, arriving at Norfolk June 1st, and proceeded to North Landing river, some 30 miles distant from Norfolk, where she remained in the service of the libellant until the fourteenth of June, when she returned to Norfolk for want of supplies. The libellant did not furnish needed supplies for the vessel, nor pay her current expenses. Nor was the master able to obtain supplies upon

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

the credit of the libellant without implicating the vessel, and he, therefore, left the libellant's service and returned with his vessel to Philadelphia.    The libellant has brought this suit to recover damages for an alleged breach of contract by the respondents, and in his libel prays for a decree against both the tug and the respondent Conrow.

It is obvious that a fulfilment by the libellant of the terms of the contract to be performed by him, is an essential condition of his right to recover.    If he failed to do what he stipulated to do, the other party was thereby absolved from any duty of performance on his part.    Now, he stipulated to furnish supplies to the crew of the tug.    Upon the faith of his stipulation the owner of the tug entered into the contract, and its observance was, besides, necessary to enable the tug to render the service for which its owner contracted.    But he neglected or failed to fulfil his engagement in this regard, and the efforts of the master of the tug to make his personal credit available to obtain supplies were unsuccessful.    His default, therefore, justified the owner of the tug in withdrawing it from his service, and in refusing to proceed further in the execution of the contract.

This is enough to dispose of the libel; but another question is presented upon the record and has been fully discussed, which it is not, therefore, out of place to notice.    In the court below the libel was excepted to and its dismissal urged because it unites a proceeding *in rem* with a proceeding *in personam;* and it is insisted on here.    That these remedies are incompatible, and cannot, therefore, be joined in the same libel, is the unquestioned law of England.    Cootes, Adm. Pr. 8.    So far as the question has been judicially considered in this country there is no substantial diversity of decision.    In *Citizens' Bank* v. *Nantucket Str. Co.* 2 Story, 57, and *Dean* v. *Bates*, 2 Wood. & M. 87, it was stated with special emphasis to be the law, that proceedings *in rem* and *in personam* were so different in their character and result that they could not be joined in the same libel.    These cases were both decided before the promulgation by the supreme court of rules in admiralty in 1847, and as only exceptional provision is thereby made for a joint libel, the general rule, as stated in the cases referred to, must be considered as receiving the sanction of the supreme court.

On neither of the grounds stated can the libel here be maintained, and it must, therefore, be dismissed, with costs.