[No. 8,861.   Department One.—December 16, 1884.]
WILLIAM TWOMEY AND H. A. BLOSS, RESPONDENTS, v.
PEOPLE'S ICE CO., APPELLANT.

CONTRACT—BREACH OF CONDITIONS—RELEASE FROM OBLIGATIONS.—The plain-
tiffs were conducting the business of furnishing ice to the public, and
entered into an agreement with the defendant, a manufacturer of ice, where-
by the latter agreed to sell ice to the former in such quantities as might be
demanded at a stipulated price, plaintiffs agreeing not to buy ice from any
one else.  While the contract was in force, one of the plaintiffs, who owned
a hotel, bought six thousand pounds of ice from other parties, for use in the
hotel.  Held, that such purchase constituted a breach of the contract, and
released the defendants from all obligations thereunder.

APPEAL from a judgment of the Superior Court of Merced
county, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Estee & Wilson*, for Appellant.

*Bennett & Wiggington*, for Respondents.

The COURT.—The action is on the instrument following :

"MERCED CITY, CAL., February 17, 1879.

"We, the undersigned, agree to furnish ice to William Twomey
and H. A. Bloss, for the term of one year from date, at Merced,
at the rate of $5 per ton, they, William Twomey and H. A.
Bloss, agreeing to pay for the ice on delivery, in gold coin of the
United States ; they, the said parties, to pay the C. P. R. R.
Co. freight at the said Merced; the People's Ice Company
agreeing to send or sell ice to the said parties, and them only,
for the term of one year ; the said parties agreeing to take ice
from said People's Ice Company, and from no one else for the
term of one year.

"PEOPLE'S ICE CO.,
"J. S. THOMPSON, President.
"Per G. A. BELL."

We find it unnecessary to pass on the question as to the va-
lidity of the contract, or as to the authority of Bell to sign for
the president or company.

By the terms of the alleged contract it was the duty of the

defendant to furnish to plaintiffs such quantities of ice as should be demanded of it, when the same should be demanded, during the year. One inducement to defendant to enter into the contract was the promise by plaintiffs to purchase of no other person than defendant during the year; and a breach of the contract by plaintiffs in that particular would release defendant from any further performance, after such breach.

The first demand (if it be constituted a demand) for ice, made by plaintiffs upon defendant, was on June 2d, 1879. Prior to that time, Bloss, one of plaintiffs, purchased from a third person (as is admitted by respondents) about six thousand pounds of ice.

Defendant's counsel asked the court below to charge the jury:

" You are instructed, that under the terms of the written paper, Exhibit A, there is an obligation on the part of the plaintiffs to buy no ice from any person except the defendant; and if you find that the plaintiffs, or either of them, purchased ice any time between the seventeenth day of February, 1879, and the 2d day of June, 1879, from any person except the defendant, then the defendant is not liable in this action."

Respondents claim that six thousand pounds is so small a quantity of ice that the rule de minimis "nearly" applies; and claim further that the contract was made with both plaintiffs, and with reference to the business they were to conduct of furnishing ice to the public; and that, as the ice purchased by Bloss was used in his hotel, which he was carrying on independently of Twomey, the purchase by him was no breach of the contract.

But the defendant was entitled to furnish all the ice which should be purchased by plaintiffs, or either of them, whether the same should be sold directly to consumers, or indirectly, as part of the food or drink of the guests of the hotel of one of them.

Judgment and order reversed, and cause remanded for a new trial.