[No. 12601. In Bank. — April 22, 1889.]

## H. S. DUNN, RESPONDENT, *v.* JOHN DALY, APPELLANT.

CONTRACT FOR HAULING FREIGHT — CONSTRUCTION — ENTIRETY. — A contract by a teamster to haul all the freight of a merchant for a term of three years, at a fixed rate per hundred pounds for the first year, and at a different rate per hundred pounds for two years more, is separable as to the payments for freight to be hauled, and as to the price to be paid; but is entire as to the term of hauling, and as to the preference to be' given to the merchant in hauling his freight.

ID. — BREACH OF CONTRACT — MEASURE OF DAMAGES. — Upon breach of a contract upon the part of a merchant to furnish all his freight to a teamster for a fixed term at a fixed rate, if it appears that the teamster hauled an amount of freight for other parties equal to that which the merchant had to furnish, and was not idle during any part of the freighting season, his damages, if any, must be measured by the difference between the price he was to receive for hauling the merchant's freight and that which he actually received from others for hauling the same amount.

ID. — RESCISSION FOR BREACH OF CONTRACT — OPTION. — When an entire contract is broken by one party, it is optional with the other party to refuse to go on with the contract thereafter.

ID. — CONDONATION OF BREACH — PAYMENT — WAIVER. — When an entire contract for hauling all the freight of a merchant for a fixed period has

been broken by the teamster, a payment according to the terms of the contract for freight actually hauled is not such a waiver or condonation of the breach as will prevent the merchant from refusing to give the teamster further freight.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion.

*Hundley & Gale,* and *B. F. Whiting,* for Appellant.

The plaintiff's breach of the contract released the defendant from further obligation. (*Twomey* v. *People's Ice Co.,* 66 Cal. 234; *Johnson* v. *Moss,* 45 Cal. 518; *Winans* v. *Sierra Lumber Co.,* 66 Cal. 61; *Haskell* v. *McHenry,* 4 Cal. 411.) There was no waiver or condonation of the breach. (*Bond* v. *Carpenter,* 15 R. I. 440.) The measure of damage, if any, was the difference in contract price and current rate. (*Utter* v. *Chapman,* 43 Cal. 284.)

*Goodwin & Goodwin,* for Respondent.

The contract is severable. (*Hindsey* v. *Williams,* 9 Col. 371.) Being severable, breach of one part by plaintiff will not excuse breach of an independent part by defendant. (2 Parsons on Contracts, sec. 41, note; *Tipton* v. *Feitner,* 20 N. Y. 425; *Slocum* v. *Despard,* 8 Wend. 615.) The measure of damages should be the contract price, less the expense of hauling. (Sedgwick's Leading Cases, 278; Civ. Code, sec. 3300; *Winans* v. *Sierra Lumber Co.,* 66 Cal. 61; *Upstone* v. *Weir,* 54 Cal. 124; *Hale* v. *Trout,* 35 Cal. 229; *Coffee* v. *Meiggs,* 9 Cal. 363; *Cunningham* v. *Dorsey,* 6 Cal. 19.)

FOOTE, C.—Daly and Dunn entered into the following written contract: "This agreement, made this fifth day of May, 1885, between John Daly of Eureka Hill, Plumas County, California, and Henry S. Dunn of Johnsville, same county and state, wherein said John Daly agrees

for the term of one year to give said Henry S. Dunn the hauling of all his freight from the junction of Long Valley to Eureka Hill or Johnsville, at the rate of seventy-five hundredths dollars per one hundred pounds, and for the next two years to give five hundredths dollars more than the Plumas Eureka gives for the hauling of their freight. And the said Henry S. Dunn agrees to haul all of said John Daly's freight from the junction in Long Valley to Eureka Hill or Johnsville, for the term of one year, for the sum of seventy-five hundredths dollars for one hundred pounds, and for the next two years at five hundredths dollars per one hundred pounds more than the Plumas Eureka pay for their freight during the season of the year that freight teams are running and the roads are passable. And furthermore agrees to give said Daly's freight the preference of all other freight.

(Signed)                              "JOHN DALY.
                                      "H. S. DUNN."

From the findings, it appears that during the first year provided for in this contract, Daly, the defendant, furnished to Dunn, the plaintiff, for carriage forty tons of freight, which, being delivered, the price for its hauling, as by the contract stipulated, was paid. The plaintiff did not, during this time, comply with his contract in always giving the defendant's freight the preference in being hauled, which resulted in damage to the defendant to the amount of fifty dollars.

In the beginning of the freighting season of the next year, 1886, the defendant notified the plaintiff he had sold his mercantile establishment at Eureka Hill, and that he had no more freight for him.

In July of that year, the plaintiff, at the place from which he was to have hauled it under the contract, demanded the freight of the defendant, and the warehouseman refused to comply with the demand.

The plaintiff being ready and willing to comply with

his part of the contract, the defendant, however, refusing to give him any freight to haul, although he still in reality continued his business, as his alleged sale thereof was simulated and fraudulent, and made with the intent to avoid the contract with the plaintiff.

The plaintiff teamed with six horses and two wagons, his expenses per day being $6.50; he hauled at a trip five tons of freight, which it took him six and a half days to make.

The hauling season at that place was between the last day of May and the first of November of each year. For the year 1886, the current rate of freight between the points mentioned in the contract was fifteen dollars per ton.

During the year 1886 the defendant had for hauling, which he could have given to the plaintiff, but did not, thirty tons of freight. The plaintiff during that year hauled for himself thirty tons of freight, and for other parties thirty-four tons of freight, and his team *was not idle during any part of the freighting season of that year.*

That for such season the plaintiff hired two teamsters, one for three months at thirty-five dollars per month, another for two months at fifty dollars per month.

Under these findings of fact, the court declared, as conclusions of law, that the plaintiff had sustained damage by reason of the defendant's refusal to comply with his contract, as to the giving his freight to the plaintiff to be hauled during the year 1886, in the sum of $176.51.

That although the plaintiff was guilty of a breach of the contract for the year 1885, in not giving the defendant's freight preference, yet that the latter had condoned and waived the breach by paying the plaintiff for the freight hauled in accordance with the contract for that year.

That the defendant was guilty of a breach of the contract for the year 1886, by reason of which the damage above set forth was recoverable by the plaintiff.

The defendant claims that upon the findings the judgment should have been for him.

The contract in a sense seems to be separable so far as the time when the payments for the freight to be hauled was concerned, and the price to be paid, but as to the time during which the contract was to continue, and the preference to be given the defendant's freight, it was an entire contract. Conceding that any damages would be recoverable by the plaintiff, resulting from the defendant's repudiating the contract, after the plaintiff's breach of it, it then becomes a question what the plaintiff should recover.

The expense which the plaintiff was at, his teams being fully employed, could have been no greater if he had hauled thirty tons of the defendant's freight rather than thirty tons for some one else, which he did haul.

He would have been compelled, had he hauled the defendant's thirty tons of freight, to have declined to haul thirty tons which he did haul.

His damage, then, if any, must by measured by the difference between the price he was to receive for hauling the defendant's freight and that which he actually received for hauling the same number of tons of freight for others. The defendant had thirty tons of freight which, if the contract existed, was to be hauled at sixteen dollars per ton.

In lieu thereof the plaintiff hauled thirty tons for others at fifteen dollars per ton.

His damage, then, if entitled to any, could not be more than thirty dollars.

But we do not think he is entitled to anything.

He first broke the contract which he had made. The defendant paid him for what he had done, as the conduct of the former evidently shows, in order that he might end the whole matter without further trouble; and the refusal afterward to go on with the contract was, we think, optional with the defendant. He had found,

as he thought, that the plaintiff would not keep his contract. He paid him what was claimed, not as a waiver of his own rights, or condonation for the breach of the contract by the plaintiff, but with a view to leave no question about his own right to refuse to give the plaintiff further freight.

Upon the whole case, we think that on the findings the judgment should be reversed, and so advise.

BELCHER, C. C., concurred.

HAYNE, C., concurred in the second ground stated in the opinion.

The COURT.—For the reasons given in the foregoing opinion of Mr. Commmissioner Foote, the judgment is reversed.

WORKS, J., and BEATTY, C. J.. dissented.

Rehearing denied.