## AZEMA et al. v. LEVY et al.

### (City Court of New York, General Term. May 31, 1889.)

SALE—SEPARABLE OR ENTIRE.

A bought and sold note read as follows: "Sold for account of [plaintiffs] to [defendants] 500 bags [of beans, describing them,] of which 250 bags to be shipped during the month of February and 250 to be shipped during March, either direct or indirect, by steamer to New York, and on arrival to be taken from the steamer's wharf at $2.07½ per bushel of 62 ℔s., duty paid. Terms, net cash." *Held*, that the contract was separable as to delivery; that each shipment of 250 bags was to be paid for on delivery, independently of the other; and that a refusal to accept the first shipment released plaintiffs from making any further tender.

Appeal from trial term.

The action is to recover damages for breach of a written contract contained in the following bought and sold note: "Sold for account of Messrs. Arthur Azema & Co., to Messrs. Levy & Lewis, 500 bags, new (1887) crop, of the usual good merchantable quality, hand-picked, medium Marsellas white beans, of which 250 bags to be shipped during the month of February and 250 to be shipped during March, either direct or indirect, by steamer to New York, and on arrival to be taken from the steamer's wharf at two dollars seven and a half cents per bushel of 62 pounds, duty paid. Terms, net cash." On March 21, 1889, plaintiffs tendered to defendants 250 bags of beans of February shipment, and demanded the contract price, to-wit, $1,831.62. The defendants rejected the beans, and did not receive them. The plaintiffs thereupon sold the beans at auction, on notice to the defendants, and realized $1,356.32; that is, $473.30 less than the contract price. The present action is to recover the loss. The trial judge dismissed the complaint on the ground that the bought and sold note was an entire contract for the delivery of 500 bags of beans, and that the plaintiffs could not recover unless they delivered or tendered the whole 500 bags. From the judgment entered on this direction the plaintiffs appeal.

Argued before McADAM, C. J., and NEHRBAS and HOLME, JJ.

*Fox & Stallknecht,* for appellants. *Kaufman & Sanders,* for respondents.

McADAM, C. J.   The expert evidence sufficiently established the facts that the quality of the beans corresponded to that called for by the contract, and, if there was any question about it, it was one which ought to have gone to the jury.   The question of weights was by consent reserved, and the sole question now involved is whether the trial judge was right in holding that the contract was entire, and that no recovery could be had until the entire 500 bags of beans were tendered.   The beans were to be shipped in two parcels, one month apart, and the defendants contracted to take each parcel as it arrived, on the terms indicated in the contract, "net cash."   The contract was therefore clearly severable.   Each parcel was to be paid for on delivery.   The delivery of the second parcel was not a condition precedent to plaintiffs' recovery, but merely ground for recoupment, if the second delivery was not made.   Tipton v. Feitner, 20 N. Y. 423;  Talmage v. White, 35 N. Y. Super. Ct. 218;  Aldrich v. Pyatt, 64 Barb. 391;  Per Lee v. Beebe, 13 Hun, 89;  Isaacs v. Plaster Works, 67 N.Y. 124;  Withers v. Reynolds, 2 Barn. & Adol. 882.   As the sale was for the delivery of two different parcels of goods, to arrive at different periods of time, each portion of the contract is complete, without reference to the other.   Swift v. Opdyke, 43 Barb. 274.   Where the contract is silent as to the time when payment is to be made, the law will presume that the parties intended to make the payment of the price and the delivery of possession concurrent conditions.   2 Benj. Sales, §§ 897, 1016.   The defendants were bound to accept each lot tendered, if the beans corresponded with the contract, and we must assume they did, for that was withheld from the jury. The refusal to accept the first 250 bags released the plaintiffs from making any further tender.   Canda v Wick, 100 N. Y. 127, 2 N. E. Rep. 381.   For the reasons stated the judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event.