[Civ. No. 202. First Appellate District.—March 22, 1907.]

WOOD, CURTIS & CO., Appellant, v. LUKE SEURICH,
Respondent.

CONTRACT—DELIVERY OF GOODS—ACTION FOR BREACH—BREACH BY
PLAINTIFF—REFUSAL TO ACCEPT AND PAY—DEFENDANT EXCUSED.—
In an action for damages for breach of a contract to deliver ten
carloads of apples, where the contract required the plaintiff to pay
on delivery of each carload, and it appears that plaintiff was guilty
of an inexcusable breach of the contract on his part by refusal to
accept and pay for the eighth carload, such breach of the contract
on plaintiff's part excused further delivery by defendant, and plain-
tiff cannot recover.

ID.—MUTUAL BREACHES OF CONTRACT—GENERAL RULES.—One who re-
fuses or fails to perform the conditions imposed upon him by the
terms of a contract, and shows no excuse for such refusal or fail-
ure, cannot recover for a breach of contract by the other party;
and the refusal of one party to a contract to make payment as
called for by the terms of the contract excuses the other party from
further performance.

ID.—NOTICE OF RESCISSION FOR BREACH NOT INVOLVED.—The plaintiff
who is guilty of a breach on his own part cannot insist that defend-
ant failed to give notice of rescission of the contract on account
of the plaintiff's breach. The defense is not predicated upon a
rescission of the contract, but rests upon the rule that the plaintiff,
who has broken the contract, cannot recover for the defendant's
refusal to perform after such breach.

APPEAL from a judgment of the Superior Court of Santa
Cruz County, and from an order denying a new trial. Lucas
F. Smith, Judge.

The facts are stated in the opinion of the court.

W. T. Jeter, C. M. Cassin, and L. T. Hatfield, for Appellant.

Wyckoff & Gardner, for Respondent.

HALL, J.—Plaintiff brought this action to recover damages
for failure of defendant to deliver three carloads of apples
under a contract, whereby defendant agreed to deliver to
plaintiff ten carloads of Bellflower apples of a specified qual-
ity for a specified price, shipment to be made between Septem-

ber 15, and November 15, 1903, at the convenience of the buyer, say one carload per week. Each car to be paid for upon delivery. Plaintiff's claim for damages is for the alleged failure of defendant to deliver the eighth, ninth and tenth carloads of apples.

Defendant pleaded as a defense that plaintiff did not comply with the terms of the contract upon its part in this, that defendant delivered a carload of apples (the fifth carload) on the seventh day of October, 1903, which were in all respects in accordance with the requirements of the contract, but that plaintiff refused to pay therefor until the fourteenth day of November, 1903, and that on the twenty-seventh day of October, 1903, defendant delivered a carload of apples to plaintiff (eighth carload), which were in all respects in accordance with the requirements of the contract, but that plaintiff refused to accept or to pay for the same, and never has paid for the same.

Plaintiff attempted to justify its refusal to pay for the fifth carload upon delivery, upon the ground that they were not of the quality required by the contract, but upon confessedly sufficient evidence the court found that they were of such quality.

Plaintiff also attempted to justify its refusal to accept the eighth carload, upon the ground that they were not of the quality stipulated for by the contract, but the court also, upon confessedly sufficient evidence, found that they were of such quality.

The eighth carload was tendered on the twenty-seventh day of October, 1903, and as the evidence of plaintiff discloses was rejected after inspection by plaintiff upon the alleged ground that the apples were not of the quality called for by the contract. As we have just said, the court found upon sufficient evidence that the apples were of the quality called for by the terms of the contract. This justified the finding or conclusion of the court that defendant was excused from further performance by the defaults and failures of plaintiff.

"One who refuses or fails to perform the conditions imposed on him by the terms of a contract, and shows no excuse for such refusal or failure, cannot recover for a breach of the contract by the other party." (11 Century Digest, sec. 1207, citing *The Alida,* 12 Fed. 343; *Baird* v. *Evans,* 20 Ill. 30; *Bishop* v. *Newton,* 20 Ill. 175; *Schoonover* v. *Christy,* 20

Ill. 426; *Heaston* v. *Colgrove*, 3 Ind. 265; *Morton* v. *Kane*, 18 Ind. 191; *Smith* v. *Cedar Rapids & M. R. Co.*, 43 Iowa, 239; *Golding* v. *Petit*, 20 La. Ann. 505; *Coates* v. *Sangston*, 5 Md. 121; *Reynolds* v. *Burlington & M. R. R. Co.*, 11 Neb. 186, [7 N. W. 737]; *Chicago B. & Q. R. Co.* v. *Cochran*, 42 Neb. 531, [60 N. W. 894]; *Elliott* v. *Heath*, 14 N. H. 131; *Boyett* v. *Braswell*, 72 N. C. 260; *Davis* v. *Yates*, 1 White & W. Civ. Cas. Ct. App. (Tex.), sec. 265; *Warren* v. *Bean*, 6 Wis. 120.)

In *Azema* v. *Levy*, 5 N. Y. Supp. 418, under a contract to sell and deliver five hundred bags of beans, to be delivered in two lots of two hundred and fifty bags each, it was held that a refusal of the buyer to accept the first shipment of two hundred and fifty bags released the seller of the obligation to make any further tender.

In *Providence Coal Co.* v. *Coxe*, 19 R. I. 380, 382, [35 Atl. 210], plaintiff sued for breach of contract to sell and deliver ten thousand tons of coal, the shipments to be distributed equally over a period of several months. It was held that the refusal of plaintiff to take the agreed portions of the coal during the earlier months precluded recovery of damages for refusal of defendant to supply coal during the latter months.

So, also, in *Canda* v. *Wick*, 100 N. Y. 127, [2 N. E. 381], it was held that the refusal of the buyer to receive one boatload of bricks on a contract calling for the delivery of four hundred thousand bricks, to be delivered from time to time, absolved the seller from making any further deliveries, the grounds of the refusal to accept being found to be untrue in fact.

It has also been held that the refusal of one party to a contract to make payment as called for by the terms of a contract excuses the other party from further performance on his part. (*Johnson* v. *Tyng*, 1 App. Div. 610 [37 N. Y. Supp. 516]; *Schwartz* v. *Saunders*, 46 Ill. 15; *Hale* v. *Sheehan*. 52 Neb. 184, [71 N. W. 1019]; *Minaker* v. *California Canneries Co.*, 138 Cal. 238, [71 Pac. 110].)

In *Minaker* v. *California Canneries Co.*, 138 Cal. 238, [71 Pac. 110], defendant refused to make payments required by custom on a contract for sale of fruit, and on being sued for the fruit that had been delivered counterclaimed for damages because of refusal of plaintiff to deliver the balance of the fruit. The court said: "Of course, defendant was not en-

titled to recover damages as for breach of the contract on the part of plaintiffs without showing performance on its part of its own agreement.  This it failed to do; but, on the contrary, it was the first party to disregard and violate the conditions of the contract.  It was just as important that payment should be made as agreed upon as it was that deliveries should be made according to the contract, and when one of the parties flatly declared that it would not pay as agreed, the other party had the right to refuse to further deliver.''

In the case at bar it is not necessary for us to determine that the delay in making payment for the fifth carload of apples was such a breach as excused the defendant from further performing.  It is sufficient to say that the refusal to accept or to pay for the eighth carload of apples was such a breach on the part of plaintiff as precludes it from the recovery of any damages because of the refusal of defendant to make any further deliveries.  It signed and was bound by the terms of the contract.  It was just as much its duty to accept the apples, when delivered under the contract, if of the stipulated quality, as it was the duty of defendant to deliver the apples.  Being the first to refuse to perform, it cannot complain because the defendant refused to further perform on his part.  (See cases cited *supra,* and also to the same effect, *Dunn* v. *Daly,* 78 Cal. 644, [21 Pac. 377] ; *Twomey* v. *People's Ice Co.,* 66 Cal. 233, [5 Pac. 158] ; *Johnson* v. *Moss,* 45 Cal. 515.)

The point urged by appellant that defendant did not show that he had given notice of a rescission of the contract cannot avail appellant.  Defendant's defense is not predicated upon a rescission of the contract on his part, but rests upon the proposition that one party to a contract who has refused to perform his part of the contract cannot recover damages for a refusal of the other party to perform after such breach. The rule that one who wrongfully refuses to perform the conditions of a contract on his part cannot recover for a breach of the contract by the other party is akin to the rule in equity that one who asks equity must do equity.

The plaintiff not being entitled to recover at all because of its own breach of the contract, any rulings that the court made concerning the admission of evidence on the question

of damages, as well as its failure to find upon any such questions, become immaterial.

We find no errors prejudicial to the plaintiff.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 20, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1907.