NESBIT *et al. v.* THE AMBOY AND THE TRANSFER No. 2.[1]

*(District Court. S. D. New York.* November 27, 1888.)

1. LIMITATION OF ACTIONS—COMMON-LAW PERIOD—ADMIRALTY—DISCRETION OF COURT.

The period of limitation fixed by statute in common-law actions should not be extended by discretion in admiralty cases, except for some cause of practical inability to sue, or for some peculiarity of a maritime nature that demands recognition in a court of admiralty, and makes it plainly a matter of justice that this discretion should be applied.

2. SAME—VOLUNTARY DELAY—SIX AND A HALF YEARS.

Libelant, owner of cargo on a vessel lost by collision, did not bring suit for six and a half years after his loss, waiting, by advice of counsel, until the litigation as to the fault of the vessels had been decided in a suit by the owner of the lost vessel; but nothing prevented him or his assigns from suing at any time during that period. *Held,* that the claim was barred.

In Admiralty. Action for damages through loss of cargo in collision.

*Hyland & Zabriskie,* for libelants.

*Biddle & Ward,* for the Amboy.

*Page & Taft,* for the Transfer No. 2.

BROWN, J. The above libelants were the owners of a cargo of brick on board the canal-boat Idle Hope, which was sunk on the 23d November, 1881, while in tow of the Amboy, by a collision with the Transfer No. 2, in going up the East river, to the westward of Blackwell's island. Upon a previous action against the defendant vessels, brought by the owner of the Idle Hope, both tugs were found in fault, and a decree entered against both in December, 1884, which, upon appeal, was affirmed in the circuit on July 14, 1886. *The Amboy,* 22 Fed. Rep. 555. The libel in the present case was filed July 6, 1888. The claimants plead the statute of limitations; and, under the recent decision in the case of *Southard* v. *Brady, ante,* 560, I feel bound to sustain the plea. There has been no time since the collision during six and a half years when an action could not have been brought by the libelants or their representatives or assigns to recover their damages. It appears, however, that the claim was early placed in the hands of competent counsel, who advised waiting until the previous case was decided, in the expectation that, if the tugs were held liable, payment would be made without further legal

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

expenses. The previous case was fully tried on the merits; the testimony printed in full in the apostles on appeal; and, both tugs being held liable, the libelants in the present case offer the former record as an adjudication determining the liability of both tugs, and available in the present suit. By the reception of this record the respondents would obtain all the benefit of the former hearing, and of all the witnesses, some of whom have since either died or disappeared. There is no question, therefore, in this case, about the loss of evidence, which is doubtless one of the grounds of the statute of limitations; and the wish to avoid unnecessary litigation was so far meritorious. As the statute is not strictly applicable to suits in admiralty, there is no doubt of the discretionary right of the court to give relief in a proper case after the expiration of the statutory period of limitation upon common-law suits of a similar nature. But the general course of the admiralty is to shorten, not to lengthen, the statutory period as respects the enforcement of secret liens. This is done in the interest of subsequent purchasers, mortgagees, or lienors who are prejudiced by prior secret incumbrances. The general rule, therefore, is that, as respects such subsequent *bona fide* incumbrancers, liens must be prosecuted with reasonable promptness, or they will be lost. But when no subsequent *bona fide* liens have arisen, there is no good reason why a suitor should not be permitted to proceed *in rem* in courts of admiralty, so long as he may sue *in personam*, or maintain a suit at law for the same debt. The *Lillie Mills,* 1 Spr. 307; *The Bristol,* 11 Fed. Rep. 162; *Martino Cilento,* 22 Fed. Rep. 859. But the policy of statutes of limitation as statutes of repose must be respected in courts of admiralty as much as in courts of common law. In the careful brief furnished by the libelant no case is cited where any suit has been sustained after the lapse of the statutory period. In *Willard* v. *Dorr,* 3 Mason, 91, though the services were rendered 12 years previous, the cause of action did not accrue, in consequence of the capture of the ship, until within the statutory period. In my judgment, the court is not warranted in extending the statutory period in the exercise of its discretionary power in admiralty suits, except for some cause of practical disability to sue, or for some peculiarities of a maritime nature that demand recognition in a maritime court, and make it plainly a matter of justice that this discretion should be applied. In the present case nothing of this kind exists. The defendants did not in any degree induce the delay, or encourage the expectation of settlement. The libelant's delay was wholly voluntary; and, much as the loss of an apparently just demand may be regretted, I feel constrained to hold the claim barred. Judgment for defendants, without costs.