THE ETHEL.

MOORE v. KIMBALL.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1895.)

No. 242.

1. ADMIRALTY—JOINDER OF PROCEEDINGS IN REM AND IN PERSONAM — LIBEL FOR WAGES.

Proceedings in rem and in personam cannot be joined in the same libel, except as provided in the admiralty rules; and as rule 13, regulating such joinder in suits for mariners' wages, does not authorize a joinder of a vessel and her owner, a libel which attempts it should be dismissed.

2. SAME—JURISDICTION IN PERSONAM.

Where a libel, though joining both the res and its owner, contains no prayer for monition and personal judgment, and there is in fact no service of monition or attachment of property to bring the owner in, his mere appearance by attorney to answer the libel in rem, and defend the res, gives the court no jurisdiction to enter a personal judgment against him.

3. SAME—COSTS.

An appellant, in fault for delays in proceedings before the circuit court on appeal, *held* chargeable with the costs in the circuit court of appeals, though successful in obtaining a reversal.

Appeal from the Circuit Court of the United States for the Western District of Texas.
Libel for mariner's wages.

Gregory L. Smith and H. F. Smith, for appellant.
John C. Scott, for appellee.

Before McCORMICK, Circuit Judge, and BRUCE and TOULMIN, District Judges

TOULMIN, District Judge. This suit was commenced by a libel in rem filed on November 19, 1883, against the steam tug Ethel, by Samuel R. Kimball, the appellee's intestate, to recover wages alleged to be due him for services as mariner on said tug. On November 21, 1883, Charles H. Elwell, the agent of Rittenhouse Moore, the appellant, intervened for the interest of said Moore, as the owner of the tug, and made the claim affidavit usual in such cases. On June 10, 1884, a writ of seizure was placed in the hands of the marshal, who, on June 16, 1884, executed the same by levying on the tug and taking her into possession. A few days thereafter she was released to Moore's agents upon their giving the required release bond. On November 29, 1884, an amended libel in rem against the tug, and in personam against said Rittenhouse Moore, as the owner of the tug, was filed, to stand for and in place of the original libel. The amended libel contained no prayer for a personal judgment, nor for process in personam, against Moore. No process was ever served on him, and no process of any kind was had in the cause except by seizure of the tug under the writ issued on June 10, 1884. That writ recites that a libel both in rem and in personam had been filed on the 29th day of December, 1883. It appears from the record that the amended libel—the libel in rem and in personam—was filed on November 29, 1884, but it also appears from the record to be a substituted paper for one lost; and it may be that the date of the filing, shown by the record, is an error, and that it is in fact the date of the substitution. However this may be, the record shows no prayer for process in personam, and no service of monition or process of any kind on Moore. But he appeared by his attorney to defend against the libel in rem, and filed exceptions and an answer thereto. On July 13, 1885, the cause coming on to be heard, the district court denied all relief in rem against the tug, but gave judgment in personam against Moore for the sum sued for, to which Moore excepted, and thereupon moved the court to arrest the judgment. The court overruled the motion, and Moore appealed the cause to the circuit court. After various delays in filing the transcript and in bringing the cause to a hearing, on June 28, 1893, the judgment of the district court was pro forma affirmed by the circuit court, and a decree in personam rendered against Moore and his surety on the appeal bond. At the same time the court ordered that an appeal be allowed from that decree to this court. The errors assigned by the appellant are that the circuit court erred in not dismissing

the libel, and in rendering a personal decree against him and the sureties on his appeal bond.

Admiralty Rule 13 provides that "in all suits for mariners' wages the libelant may proceed against the ship, freight, and master, or against the ship and freight, or against the owner or master alone in personam." The amendment to the original libel, by introducing the owner of the tug as a party defendant, was in violation of this rule; and it is well settled that proceedings in rem and in personam cannot be joined in the same libel, except in the cases specified in the admiralty rules. The Monte A., 12 Fed. 331; The Alida, Id. 343; The Corsair, 145 U. S. 335, 12 Sup. Ct. 949. This case being one where, under the admiralty rules, both remedies could not be joined, the libel should have been dismissed.

The court also erred in rendering a personal decree against Moore. There is in the libel no prayer for a monition and personal judgment against him. There was no service of a monition on him, no attachment made of his property for the purpose of bringing him into court, and no voluntary appearance to answer to the proceedings in personam. The fact that he appeared by his attorney to answer to the libel in rem, and to defend the res seized, did not give the court jurisdiction to render a personal judgment against him. The Monte A., supra. As the cause must be reversed and dismissed for the reasons mentioned, it is unnecessary for us to consider the question whether, under the facts of the case, a judgment should have been rendered against the appellant. There were some irregularities in the proceedings of the case in the district court, and various delays in bringing the cause to a hearing on appeal in the circuit court, for which the appellant is not without fault. We think he should, at least, be taxed with the costs of the appeal to this court. The decree of the court below is reversed, and the libel dismissed, at the appellee's costs, except the costs of this appeal, with which the appellant is taxed. Reversed and dismissed.