## THE SOUTHWARK.

(Circuit Court of Appeals, Third Circuit. May 13, 1901.)

### No. 8.

SHIPPING—INJURY TO CARGO FROM DEFECTIVE REFRIGERATOR—LIMITATION OF LIABILITY BY BILL OF LADING.

An agreement in a bill of lading for dressed meats to be transported across the Atlantic, that the carrier shall not be responsible for any loss or damage arising from breakdown or injury to the ship's refrigerator or its machinery, even though arising from defect existing at or previous to the commencement of the voyage, is one which it is competent for the parties to make, and it relieves the carrier from liability for loss arising from such causes unless negligence is shown, the burden of proving which rests upon the shipper.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Horace L. Cheyney, for appellants.

J. Rodman Paul, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The appellants suppose that the learned judge of the district court misconceived the ground upon which they rested their right of recovery. They have extracted a single sentence from his opinion, which, it is said, shows that he assumed that their case was based upon the facts that the rotting of the meat (for which the libel prayed an award of damages) "was due to the breakdowns of

the machinery, and that the breakdowns were caused by negligence"; whereas their actual contention was and is: "First. That an improperly high temperature existed in the commercial box before the accidents, namely, (1) at the time the meat was received, and (2) at the time the ship sailed; and that it was solely due to the unfit condition of the refrigerating machinery. Second. That, even if the break-downs occurred, as the respondents assert, an hour or two after the vessel sailed, this was evidence that the machinery was in unfit condition at the time of the receipt of the meat and the beginning of the voyage." The court below did say that the machinery supplied by the appellee failed to reduce the temperature sufficiently; that this was due to the several breakdowns, and that the vessel was not to blame for them; but it also referred to and rejected the argument "that the machinery could not have been in good condition at the beginning of the voyage, because the breakdown occurred so soon after the vessel set sail." It is evident, therefore, that the position which the appellants now take was considered, and was decided to be untenable, because the rotting of the meat in question was not due to any condition of temperature or of machinery which existed when it was received, or at the time of sailing, but to the breakdowns that subsequently happened; and that the occurrence of these accidents so soon after the vessel had sailed did not relieve the shippers (appellants) from the burden of proving the carrier's (appellee's) negligence. In so dealing with the case the learned judge did not overlook, but manifestly disposed of, the libelants' contention; and our independent examination of the record has led us to the conclusion that he disposed of it correctly. His opinion, which may be found in 104 Fed. 103, sufficiently states the facts, and rightly rules the law. The decree is affirmed.