## THE PLANET VENUS et al.

(District Court, E. D. Pennsylvania. January 14, 1902.)

### No. 44.

1. ADMIRALTY — JOINDER OF DEFENDANTS — SUIT ON CONTRACT OF AFFREIGHTMENT.

A ship and its charterers may be joined as defendants in a suit in admiralty to enforce a contract of affreightment where both are charged with liability for its breach, such practice being within the spirit, though not the letter, of admiralty rule 59.

2. SAME—PRACTICE—POWER OF DISTRICT COURT TO ESTABLISH.

A district court has power, under admiralty rule 46, to establish the practice of permitting process in rem and in personam to issue upon the same libel, either by rule or decision.

In Admiralty. On exceptions to libel.

N. Dubois Miller and Scott & Upson, for libelants.
John F. Lewis and Horace L. Cheyney, for respondents.

J. B. McPHERSON, District Judge. This libel, which charges the breach of a contract of affreightment, was originally filed against the steamship Planet Venus, and "John Doe and Richard Roe, doing business under the name of the Philadelphia Transatlantic Line, Charles M. Taylor's Sons, managers, the charterers of said steamship." The vessel was attached by process in rem, and, upon giving stipulation, was released in due course. No process in personam was issued, but not long afterwards the libelants asked permission to amend, so as to describe the other respondents as "Frederick W. Taylor and James S. Taylor, the charterers of said steamship, doing business," etc. Permission having been granted, process was issued against the persons named, and was duly served. The present exceptions are filed both by the claimant of the steamship and by the individual respondents, and attack the jurisdiction of the court on the ground that proceedings in rem and in personam upon a contract of affreightment cannot properly be joined.

Assuming, for present purposes, that the attack is properly directed, and that the jurisdiction of the court is the matter in question, I am of opinion that the objections should not prevail. It is true that the practice in this district, which is supported by a decision of

Judge McKennan in The Alida (C. C.) 12 Fed. 343, has not heretofore permitted process in rem and in personam to issue upon the same libel, and I might perhaps be justified in simply following this precedent. If the point were doubtful, I think I should be likely to adhere to our own custom; but believing, as I do, that the contrary practice is clearly adapted to avoid circuity of action and to promote the administration of justice, I am disposed to follow the course that has been adopted in some other districts, securing also the incidental advantage of furthering uniformity of procedure in the courts of admiralty. I have the less hesitation in taking this step because of the considerations to which I shall now briefly refer. The decision in The Alida was pronounced in 1882, and was expressly based upon Citizens' Bank v. Nantucket Steamboat Co., Fed. Cas. No. 2,730, decided in 1811, and upon Dean v. Bates, Fed. Cas. No. 3,704, decided in 1846. Apparently no other cases were called to the court's attention; for it is stated in the opinion that, "so far as the question has been judicially considered in this country, there is no substantial diversity of decision." This statement, I think, could hardly have been made, if the court had seen the careful and well-considered opinion of Judge Betts in The Zenobia, Fed. Cas. No. 18,208, which was decided in 1847, and the decision of Judge Blatchford in Vaughan v. Six Hundred and Thirty Casks of Sherry Wine, Fed. Cas. No. 16,900, which was rendered in 1874, and affirmed by Chief Justice Waite in 1878 (Fed. Cas. No. 12,918). Within a month or two after The Alida was decided, the opposite practice, upheld by The Zenobia, was again maintained by Judge Brown in the Southern district of New York (The Monte A [D. C.] 12 Fed. 331), in an opinion of which the reasoning is, I think, eminently satisfactory. A few years later, in 1886, the practice of joining the vessel and the owner or master in one libel was approved by Judge Deady in the district of Oregon (The Director [D. C.] 26 Fed. 708); and the ruling of Judge Brown was adhered to by him in The J..F. Warner (D. C. 1883) 22 Fed. 342, and The Baracoa (D. C. 1890) 44 Fed. 102. A similar practice appears to exist in Wisconsin. The Keokuk, 9 Wall. 517, 19 L. Ed. 744. It is also to be observed that in 1883, the year following the decision in The Alida, the supreme court promulgated the fifty-ninth rule in admiralty, permitting the two remedies to be joined in an action for collision; and the extension of this rule to cases within its spirit, although not within its letter, has been expressly approved by the supreme court in the very recent decision of The Barnstable, 181 U. S. 464, 21 Sup. Ct. 684, 45 L. Ed. 954. It seems to me, therefore, that if the point decided in The Alida were now presented in this district for the first time, there could be little doubt, in the light of the subsequent action of the federal courts, that it would be decided in favor of the libel under consideration; and I feel free, therefore, to follow my own inclination, and to permit hereafter the two forms of remedy to be used together ordinarily in a proceeding brought to enforce a contract of affreightment. There may be circumstances under which a joinder should not be permitted, but exceptional cases may be left for consideration as they arise. The present controversy is one in which both the ship and the charterers are

charged with liability on the same contract of affreightment, and I think they may properly be called upon to answer in the same proceeding. If it should be contended hereafter that the liability ought to be shared, or should be borne by one rather than by the other, these matters also can be determined, and the whole controversy adjusted in one suit.

Objection was also made by the respondent that the district courts have no power to establish the practice of permitting process in rem and in personam to issue upon the same libel. I do not think the objection is sound. In my opinion, rule 46 gives the district courts ample power to establish such a practice, either by a formal rule, or by a decision directing the method of future procedure.

The exceptions to the libel are dismissed.