## THE SOUTHWARK.

### (District Court, E. D. Pennsylvania. February 15, 1904.)

### No. 116.

1. ADMIRALTY—LIMITATION OF ACTIONS.

　　While statutes of limitation, as such, are not enforced by courts of admiralty, such statutes will ordinarily be followed by analogy in the absence of exceptional circumstances.

2. SAME—AMENDMENT OF LIBEL—LACHES.

　　The fact that pending a suit in rem to recover for breach of a contract of affreightment the damages sustained by libelant, with interest and the costs, have increased to a sum in excess of the stipulation given for the release of the vessel, is not such an exceptional circumstance as will authorize the court to permit an amendment of the libel to bring in the shipowner, and add a cause of action against it in personam, after the lapse of nine years from the filing of the libel, and after a new action would be barred applying by analogy the local statute of limitations. In such case the shipowner might have been joined in the first instance, or at any time thereafter within the statutory period, and the effect of the lapse of time on the amount of the damages was apparent.

In Admiralty. On motion for leave to amend libel and for process in personam against owner of steamship.

Horace L. Cheyney, for libelant.

J. Rodman Paul and Howard H. Yocum, for respondent.

J. B. McPHERSON, District Judge. This action in rem was brought in February, 1895, to recover for damage to cargo amounting to $6,036. A stipulation in the sum of $7,500 was entered, and the vessel was released. The taking of testimony proceeded in a leisurely fashion, and the cause did not come up for argument until the 8th day of June, 1900. The libel was dismissed by the District Court in September of that year (104 Fed. 103), the decree being affirmed by the Circuit Court of Appeals in the following May (108 Fed. 880, 48 C. C. A. 123). On appeal to the Supreme Court, however, the decree was reversed in an opinion filed a few weeks ago; and, the parties having agreed that the damage amounted to the sum claimed, it is now discovered that the stipulation is not large enough to cover principal, interest, and costs. The libelants therefore ask to amend so as to add a charge of fault against the International Navigation Company, the owner of the vessel, who is also the claimant, and pray for process in personam. The petition is resisted on the ground of undue delay, nearly nine years having gone by since the suit was begun, and, in my opinion, this objection should prevail. While it is true that statutes of limitation, as such, are not enforced in courts of admiralty, it is also true that the analogy of the statutes is ordinarily followed, unless there is something exceptional in the case. In The Sarah Ann, Fed. Cas. No. 12,342, Mr. Justice Story said:

"Now, courts of admiralty, like courts of equity, govern themselves in the maintenance of suits by the analogies of the common-law limitations, and are not inclined, unless under very strong circumstances, to depart from these

---

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 320.

limitations. But, independently of any statutable limitations, courts of admiralty will not entertain suits for stale demands. The party who seeks redress there must come within a reasonable time, or the court will not incline to exert its powers actively in his behalf."

In Scull v. Raymond (D. C.) 18 Fed. 553, it was said by Judge Brown, of the District Court for the Southern District of New York:

"As respects the second defense—the statute of limitations—though this is not strictly a bar in admiralty, there does not seem to be sufficient reason why it should not be followed by analogy in this court as in equity. Willard v. Dorr, 3 Mason, 95 [Fed. Cas. No. 17,679]; The Sarah Ann, 2 Sumn. 206, 212 [Fed. Cas. No. 12,342]; Saunders v. Buckup, Blatchf. & H. 269 [Fed. Cas. No. 12,373]; Ben. Adm. § 575; 2 Conkl. Adm. 22. The defendant was at all times during the eight and a half years prior to the commencement of this suit a well-known merchant in this city, accessible daily. The libelant, it is true, was during most of this time diligently pursuing his remedy in rem (The Zodiac [D. C.] 5 Fed. 220); but this has never been held to be a ground for the extension of the statutory period of limitation in regard to remedies in personam."

In the later case of Nesbit v. The Amboy (D. C.) 36 Fed. 925, the same learned judge adhered to this position; saying:

"But the policy of statutes of limitation as statutes of repose must be respected in courts of admiralty as much as in courts of common law. In the careful brief furnished by the libelant no case is cited where any suit has been sustained after the lapse of the statutory period. In Willard v. Dorr, 3 Mason, 91 [Fed. Cas. No. 17,679], though the services were rendered 12 years previous, the cause of action did not accrue, in consequence of the capture of the ship, until within the statutory period. In my judgment, the court is not warranted in extending the statutory period in the exercise of its discretionary power in admiralty suits, except for some cause of practical disability to sue, or for some peculiarities of a maritime nature that demand recognition in a maritime court, and make it plainly a matter of justice that this discretion should be applied. In the present case nothing of this kind exists. The defendants did not in any degree induce the delay, or encourage the expectation of settlement. The libelant's delay was wholly voluntary; and, much as the loss of an apparently just demand may be regretted, I feel constrained to hold the claim is barred."

In Southard v. Brady (C. C.) 36 Fed. 560, Judge Lacombe, sitting in the Circuit Court on appeal, used the following language:

"Exceptional circumstances will sometimes lead a court of admiralty to pronounce a claim stale after a lapse of time less than the legal statutory period of limitation. Where there is nothing exceptional in the case, the court will govern itself by the analogies of the common-law limitations."

The opinion examines numerous decisions, pointing out that:

"In those cases where it is held that the respondent must show that some special interest has been prejudiced by the delay, in order to avail of the defense of staleness, it will be found that the delay was for less than the period prescribed by the local statute in common law actions."

In Bailey v. Sundberg, 49 Fed. 583, 1 C. C. A. 387, the Court of Appeals for the Second Circuit followed The Sarah Ann and Southard v. Brady; saying:

"Inasmuch as the present action was commenced within six years from the time when the cause of action accrued, and there are no special circumstances to charge the cargo owner with laches, we think there is no equitable bar to the suit upon the ground of delay. Where there is nothing exceptional in the case, courts of admiralty govern themselves by the analogies of common-law limitations."

Many other authorities might be cited to the same effect, but these are sufficient to make the rule clear that should be applied in the present case. If the analogy of the local statute is to be applied, it is perfectly well settled in Pennsylvania that no amendment can be made in an action either at law or in equity, so as to introduce a new cause of action, or to bring in a new party, after the statute of limitations has run: Furst v. Building Ass'n, 128 Pa. 183, 18 Atl. 341; Grier v. Assurance Co., 183 Pa. 334, 39 Atl. 10.

Therefore, if nothing exceptional can be found in the present case to justify the delay, the present application to amend ought to be refused. I have considered the reasons advanced by the libelants, but I do not think that they show any unusual circumstances to excuse the failure to bring an action in personam at an earlier day against the owner and claimant of the vessel. There was no doubt of the libelants' right to join an action in personam with an action in rem for the breach of a contract of affreightment (The Planet Venus [D. C.] 113 Fed. 387, where most of the authorities upon the subject are collected), and they could therefore have sued the navigation company in the first instance, or have brought it in by amendment at any later time within the statutory period. Moreover, the libelants could not have been insensible to the lapse of time, and they are chargeable with knowledge of its effect upon the amount of the stipulation considered in connection with the amount of the claim. It was within their power at any time to ask the court to increase the amount of the stipulation, so that their interest in the event of final recovery might be fully protected: Coote, Adm. Prac. (2d Ed.) pp. 31, 32. Nothing of this kind was done, however, and, as it seems to me, the situation instead of being exceptional, wears a familiar aspect. There was the usual delay in preparing for a final hearing in the district court—perhaps a somewhat longer delay than is customary—and the usual interval of time before the appeals could be heard and determined. As was decided in two of the cases already cited, the fact that the libelant was prosecuting an action in rem is not a sufficient excuse for his failure to bring the action in personam.

The petition to amend and for process in personam is refused.