## THE SOUTHWARK.

(District Court, E. D. Pennsylvania. March 10, 1904.)

### No. 16.

1. ADMIRALTY—SUIT IN REM—RECOVERY OF INTEREST AND COSTS FROM CLAIMANT.

The claimant of a ship who contests a suit in rem against it to recover damages, whether for a maritime tort or for breach of a contract of carriage, is liable for interest and costs, although the damages awarded to the libelant, together with the interest, may exceed the amount of the stipulation given for the vessel's release; the decree in such case to be entered against the stipulators to the extent of their contract liability, and against the claimant for the remainder of the interest and the costs.

2. SAME.

A libelant is not precluded from asserting his right to recover interest and costs from the claimant in a suit in rem, in excess of the stipulation given, by the fact that his application for leave to amend his libel by inserting a claim in personam for the damages sued for was denied on the ground of laches.

In Admiralty. On motion for entry of decree.
See 128 Fed. 149.

Horace L. Cheyney and John F. Lewis, for libelant.
Biddle & Ward, J. Rodman Paul, and Howard H. Yocum, for respondent.

J. B. McPHERSON, District Judge. Unless the present case can be distinguished from The Wanata, 95 U. S. 600, 24 L. Ed. 461, I think the libelants are entitled to a decree against the claimants for the damages agreed upon, and for interest and costs, even although the amount of such decree exceeds the sum named in the stipulation. The decree against the surety, however—the City Trust, Safe Deposit & Surety Company—is to be limited to the principal sum for which it agreed to be bound. An effort is made to distinguish the cases, first, on the ground that The Wanata was an action for collision, in which the claimant was taking advantage of the statute permitting a limitation of liability; and, second, on the ground that permission to amend so as to prosecute the present action against the claimants in personam has been refused on the ground of undue delay, and therefore that the libelant should not be permitted to accomplish, by this form of motion, what the court has denied him permission to accomplish by another.

As it seems to me, neither ground is well taken. The reasoning

of the court in The Wanata was intended, I think, to cover other actions than those of collision, for there is no effort to confine it to torts of that class, where the claimant is seeking to limit his liability. In that case the damages awarded, $16,000, were precisely the amount of the stipulation for value, but the District Court added interest and costs thereto in the decree that was entered against the offending schooner. No decree was entered in the District Court against the stipulators for costs or the stipulators for value, the signers of each stipulation being the same persons, and these uniting also in an appeal bond for the sum of $2,000. In the Circuit Court, on appeal, a decree was entered against the schooner, and at the same time the court (page 608, 95 U. S., 24 L. Ed. 461) "entered a decree against the stipulators for value in the sum of $16,000, and against the stipulators in the other stipulation and the sureties in the appeal bond in the sum of $1,407.47, the two sums being exactly equal to the amount of the decree entered against the schooner, which includes the $16,000 recovered as damages in the District Court, together with the costs taxed in the District Court, and interest on the sums recovered in that court to the date of the decree entered in the Circuit Court, and the costs taxed in the Circuit Court, amounting in all to the sum of $17,407.47." Thereupon the claimants, who were also among the stipulators, appealed to the Supreme Court, and one of the positions taken by the libelants—appellees—was (page 612, 95 U. S., 24 L. Ed. 461) "that the owners defending the suit are liable for costs, even where the damages are equal to the stipulated value of the property, and the costs taxed exceed the amount of the stipulation for costs filed when the owners appeared in the District Court." The Supreme Court approved this position, saying: "Doubtless the rule was so prior to the passage of the act of Congress limiting the liability of shipowners. 9 Stat. 635. Since the passage of that act the question arises whether costs can be allowed in such a case, where it appears that the decree for damages exhausts the whole amount of the stipulation for value." Reference is then made to the British statute upon the subject of limiting liability, and to the cases, such as The Volant, 1 Rob. A. 383, which have held that, where the proceeds of the ship were insufficient to make good the loss, "the court cannot decree against the owner for the excess of damage beyond the proceeds of the ship." And it is then said that, although this may be true, "it is settled law that the defending owners in such a case are liable for costs, even though the damages recovered exhaust the whole amount of the stipulation for value." The John Dunn, 1 Rob. 160.

Turning to the subject of interest, the court proceed to say (page 613, 95 U. S., 24 L. Ed. 461): "Interest in such a case is allowed, as well as costs; and in case of an appeal, the interest is cast upon the whole amount of the decree in the court below, including costs, as well as the amount of the damage. The Dundee, 2 Hagg. 137." Referring further to The Dundee, the court approve the rules there laid down by Lord Stowell:

"Due objection to a decree settled in that form was made in that case; but Lord Stowell held that the allowances were correct, that the cost to which

the party is put to recover his just damages is a part of his loss, and that the costs in such a case are properly added to the damages in the computation of interest. Objection was also made in that case to the allowance of interest, as the damages were equal to the value of the ship; but the same learned judge answered that the sufferer is entitled to such costs as he shall incur in recovering the value of the ship, and to interest if payment is delayed—meaning, of course, that the party causing the delay is liable in such a case; and he added that the suffering party is entitled to remuneration for the costs to which he is driven for recovering his loss, as the costs constitute a part of the same; that the act of Parliament is not guilty of the injustice which would ensue if it excluded the costs, which are necessary for replacing the sufferer in a just state of compensation. Such a party, if he is reinstated in the value of the property without litigation, is not entitled to costs; but if he cannot obtain the benefit of the regulation in respect to compensation without being driven to the necessity of a suit, the statute would be chargeable with great injustice if it did not allow him to recover costs; and these remarks apply with equal force to the charge of intervening interest arising from delay occasioned by such litigation.

"Common-law authorities support the same construction of the act of Parliament referred to, and show to a demonstration that the rule is firmly established in all the courts of the parent country. Ex parte Rayne, 1 Gal. & Dav. 377; Gall v. Laurie, 5 B. & C. 163."

From this outline of the relevant portions of the opinion in The Wanata, I think it will be seen that the court's discussion proceeded along general lines, and was not intended to apply solely to the class of maritime torts. No principle is perceived that requires the rule announced by the court to be so limited. If the libelant has been injured, what difference does it make whether the harm has been done by sinking his ship, or by breaking a contract to carry safely? In either event he has suffered a money loss, and whatever rule may exist that seeks to make him whole, so far as possible, in the one case, ought also to be applied in the other.

The second ground of objection, as it seems to me, is also not tenable. I refused the motion to amend the libel, because the great weight of authority seemed to be in favor of refusal, and I was unwilling to depart from a well-established rule. But the present application seems to be supported by the highest authority in the land, and, while it is true that I have a discretion on this motion also (The Maggie J. Smith, 123 U. S. 349, 8 Sup. Ct. 159, 31 L. Ed. 175), I am disposed to exercise it in favor of the libelants. The same reason that influenced my decision on the petition to amend, namely, that decisive authority is on the side of the appellant, influences me now, and supports the position that the libelants should be compensated in full, so far as the power of the court may go, for the loss they have sustained, and for the cost of carrying the litigation to an end. The fact that the libelants will thus obtain by one method what they were unable to obtain by another does not seem to me to be important. Both remedies were available if the court permitted; the remedy by amendment and suit in personam, and the remedy by such a decree as is now asked for. These remedies were not dependent upon each other, and the considerations that are pertinent upon the subject of their allowance are not the same. It is not accurate, I think, to say that the libelants ask the court to do indirectly what the court has just refused to do directly. Doubtless the same result will be reached, but it will be reached directly, although by another

road than the road of amendment. I can see no reason why these two remedies may not be successively invoked.

The following decree will be entered:

And now, the mandate of the Supreme Court of the United States having been filed, directing a reversal of the decree of this court dismissing the libel, and directing a decree to be entered in favor of the libelants for the amount of damages sustained with costs; and it further appearing, by agreement of the proctors for the parties filed of record, that the damage sustained by the libelants for the cause of action set forth in said libel amounts to the sum of $6,036, with interest thereon from August 1, 1894, and that the libelants' costs amount to the sum of $711.16; and it further appearing to the court that the interest upon the said sum of $6,036 to date amounts to the sum of $3,473.72, making the total claim of the libelants $9,509.72; and it further appearing that the claim was made for said steamship Southwark by H. C. Bye, agent of the International Navigation Company, owner of said steamship, and that answer to the libel was filed by the said International Navigation Company, owner of said steamship, and that the payment of the libelants' claim has been contested and resisted by the said International Navigation Company up to this time:

Now, upon motion of Horace L. Cheyney and John F. Lewis, proctors for the libelants, the damages of the said libelants are hereby assessed at the sum of $9,509.72, being the amount of said claim, as set forth in the libel, together with interest thereon from August 1, 1894, to this date; and it is ordered and decreed that Joseph J. Martin, Alfred M. Fuller, and Thomas B. Shriver, copartners trading as Martin, Fuller & Co., libelants, shall have and recover from the City Trust, Safe Deposit & Surety Company and H. C. Bye, agent of the International Navigation Company, stipulators, the sum of $7,500, being the said sum of $6,036 damages, with the sum of $1,464, a portion of the interest thereon; and that the libelants shall further have and recover of the International Navigation Company, owner and claimant of said steamship Southwark, the sum of $2,009.72, being the balance of said interest; and shall further have and recover of said International Navigation Company their costs, amounting to the sum of $711.16. And it is further ordered and decreed that this decree shall bear interest from its date at the rate of 6 per cent. per annum.