---

THE NORA.`

(District Court, S. D. Florida. January 7, 1910!)

ADMIRALTY (§§ 28, 66*)—JURISDICTION IN PERSONAM—LIBEL IN REM FOR DEATH —AMENDMENT.

A suit in admiralty to recover for the death of a person will not lie in rem against a vessel unless a lien thereon is given by the state laws, and, when such is not the case, the filing of a libel in rem does not give the court jurisdiction, and, where the only process issued and served was an attachment against the vessel and her owners have not appeared except as claimants, the libel cannot be amended to give the court jurisdiction to render a personal judgment against them

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 285, 288, 524; Dec. Dig. §§ 28, 66.*]

In Admiralty. Suit by Eliza Wilson against the steamship Nora. On exceptions to libel and motion to amend. Motion denied, and exceptions sustained.

Kay, Doggett & Smith and H. H. Buckman, for libelant.
J. N. Stripling, for claimant.

LOCKE, District Judge. The distinction between a libel in rem and in personam is too well established to require extended argument. The one is a demand and claim against the ship itself, and incidentally against the owners and all parties interested in the ship, not as persons against whom an action is brought, but as against their interest in the vessel, and who are therefore entitled to represent the vessel in defending the res from a judgment. The jurisdiction in action in rem is only given by attachment and bringing the vessel into the custody of the court, and no valid decree can be entered without such

attachment. In a suit in personam it must be brought against the person, and the process may be served by a warrant of arrest in the nature of a capias, or it may contain a clause that, if the person cannot be found, his goods and chattels for the amount sued for may be attached, or the service may be by a simple summons in the nature of a summons to appear and answer to the suit. The monition or notice usually embodied in the process calling upon all persons having an interest in the vessel attached to come in and defend their rights can under no circumstances be considered a personal summons as in an action in personam.

The question in this case is whether upon the return of the attachment in an action in rem, with no other process issued or executed, the court had jurisdiction of an action which can only be properly brought in personam. In The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727, it is clearly and distinctly declared that no action of this character, the basis of which is the death of an individual, would lie in rem, unless the state laws gave a lien upon the vessel, which is not the fact in this state. This libel clearly and distinctly states an action in rem; the prayer being that process issue against said vessel, her tackle and apparel, and that all persons interested in said vessel may be cited to appear and answer, and that said vessel may be condemned and sold to pay libelant's claim. It cannot be claimed that this court, under the decision of The Corsair, supra, had any jurisdiction in an action in rem in this case, and the question presented is, Can such libel be amended as to give the court jurisdiction over the owners of said vessel so that a valid decree could be entered against them in personam.

This matter has been frequently before the courts, and has been in every instance determined in the negative. No action at present is in existence within the jurisdiction of the court against the owners of this vessel. They have not been summoned by publication or service of process of any kind. They have not appeared by a representative in their personal capacity, but simply by one on account of their connection with the res. In the case of The Ethel, 66 Fed. 340, 13 C. C. A. 504, it was held that, where there is no prayer, process or personal judgment in the libel and no process and service upon the owner, the fact that he appears and answers the libel in rem does not give the court jurisdiction to render a personal judgment against him. To the same effect is the decision in the case of The Monte A. (D. C.) 12 Fed. 334, and the case of The Lowlands (D. C.) 147 Fed. 986.

Two cases have been cited and relied upon by the libelants in asking to amend, which I have carefully examined. In The Virgin, 8 Pet. 538, 8 L. Ed. 1036, the Circuit Court entered a decree against the owners as in an action in personam, when the action was in rem. The Supreme Court reversed the decree, and, in passing upon that point, says, "The view which has been taken of the present case renders it wholly unnecessary to consider whether a decree in personam could be made by the Circuit Court upon a libel and proceeding in rem;" and, although the amount decreed to the libelant was very much larger than the value of the vessel which had been taken by one of the claimants at a stipulated price, confined its decree to the amount thus determined, and fully exonerated the owners from all amounts beyond the actual

proceeds of the vessel. Clearly and distinctly overruling the opinion of the Circuit Court in permitting judgment to be given against the owners in an action in rem.

In Chamberlain v. Ward, 21 How. 548, 16 L. Ed. 211, the Supreme Court say:

"This was a suit in personam. It was commenced by the owners of the steamer Atlantic against the owners of the propeller Odensbury and grew out of a collision."

It is further explained in that opinion that originally a libel was. filed against the propeller in rem and a process of attachment taken out, and in personam against the owners and summoning them as respondents. Upon exceptions taken to the form of the libel alleging an improper joinder of the vessel and owners, the case was continued as an action in personam, and the action in rem abandoned. In that original libel the court had jurisdiction under the fifteenth admiralty rule equally whether the action was in rem or in personam, but they could not be presented jointly. The libelants were, therefore, given a privilege of election.

In this case the court has no jurisdiction in an action in rem, and the amendment of the libel would simply be for the purpose of giving the court jurisdiction in an action in personam in a case in which it has no jurisdiction as the matter stands. No proper process has been issued, nor summons served, or attachment had as in an action in personam. The attachment had has been in an action against the vessel itself, and not as the property of her owners.

Notwithstanding the apparent injustice which may result from the denial of the motion to amend, I am fully satisfied that no jurisdiction could be acquired over the owners of this vessel, or any valid decree . entered by the court that could be collected or made out of the bond filed for the release of the vessel, and the motion to amend must be denied, the exceptions to the libel sustained, and the libel dismissed; and it is so ordered.