## THE DAWN.

(District Court, S. D. Alabama. February 7, 1914.)

·No. 1,448.

ADMIRALTY (§ 30*)—PROCEDURE—JOINDER OF CAUSES OF ACTION.
Where not otherwise provided in admiralty rules 12–20 (29 Sup. Ct. xl, xli), causes of action in rem and in personam may be joined in one libel, when such joinder will promote the cause of justice or conduce to the convenience of the parties and the court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 298–300; Dec. Dig. § 30.*]

In Admiralty. Suit by the Mobile Barge Company against the Mobile Towing & Wrecking Company and the tug Dawn. On exceptions to libel for misjoinder. Exceptions overruled.

Rickarby & Austill, of Mobile, Ala., for libelant.
Hanaw & Pillans, of Mobile, Ala., for respondents.

TOULMIN, District Judge. Judge Brown, of the District Court of the United States for the Southern District of New York, in his opinion in The Monte A, 12 Fed. 331, held that:

"Under rule 46 of the Supreme Court rules in admiralty [29 Sup. Ct. xliv] an action in rem may be joined with an action in personam against the master or owners for breaches of contracts of affreightment or charter parties. The same is true in other cases not expressly provided for under the Supreme Court rules in accordance with the prior and subsequent practice of the district courts."

And the court said:

"Those rules, while providing for the joinder of remedies in regard to various other subjects, do not provide for this; and under rule 46 it is, therefore, left subject to the regulation of the several district and circuit courts; and the former practice of joining these remedies in this class of cases exists in this district, as well as in other districts." 12 Fed. 336, 337.

The case of The Alida (C. C.) 12 Fed. 343, seems to be in conflict with the case of The Monte A, supra. The Alida was decided by Judge McKennan, one of the federal judges of Pennsylvania, who states the unquestioned law of England on the question of joining a proceeding in rem and in personam in the same libel, and cites Citizens' Bank v. Nantucket S. S. Co., 2 Story, 57, Fed. Cas. No. 2,730, and Dean v. Bates, 2 Wood. & M. 87, Fed. Cas. No. 3,704, as deciding the question substantially the same way. He, however, states that these cases were decided before the promulgation by the Supreme Court of rules in admiralty. In less than two months after Judge McKennan's decision, Judge Brown took a contrary view of the same question and his decision in The Monte A was rendered doubtless without knowledge of Judge McKennan's decision, as he does not refer to it in his decision. In his day Judge Brown was regarded as one of the ablest admiralty judges on the bench, and his opinions were and are of great influence and weight. Moreover, his opinion in the case cited is sustained by sound reasoning and subsequent authorities.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the case of The Director (D. C.) 26 Fed. 708, it is said that:

"The admiralty rules from 12 to 20, inclusive [29 Sup. Ct. xl, xli], relating to joinder of causes of action, do not apply to cases not therein enumerated; but the same, under rule 46, may be proceeded with, in this respect, in such manner as the court may deem expedient for the administration of justice. Every argument founded on convenience and economy is in favor of their joinder in one suit." 26 Fed. 711.

Suits in rem and in personam may be joined. The Baracoa (D. C.) 44 Fed. 102, 103. Numerous authorities cited in this case.

"There seems to be no fixed rule of admiralty practice, and no reason on general principles, which prevents the joinder in one libel of causes of action in rem and in personam, when such joinder will promote the cause of justice, and conduce to the convenience of the parties and the court, and is not governed by the admiralty rules of the Supreme Court." The Thomas P. Sheldon (D. C.) 113 Fed. 779; The Planet Venus (D. C.) 113 Fed. 387.

The cause now before the court is one of tort, as of trespass or trover, and is not governed by the admiralty rules of the Supreme Court. It is not one of those cases enumerated therein and to which those rules apply.

"Admiralty rules 12–20 contain provisions when the suit may be in rem, when in personam, and when in both. But they are not intended to be exclusive, or to say that in cases not covered by their terms there shall be no remedy, whether in either form or in both combined." Hughes on Admiralty, pages 354, 355; The Corsair, 145 U. S. 335, 336, 342, 12 Sup. Ct. 949, 36 L. Ed. 727.

The case of The Ethel, 66 Fed. 340, 13 C. C. A. 504, cited by the proctor for respondents, was a suit for mariner's wages, and is one covered by admiralty rule 13 (29 Sup. Ct. xl) which provides how suits for mariner's wages may proceed, etc. The court said, this case being one where, under the admiralty rules, both remedies (in rem and in personam), could not be joined, the libel should have been dismissed. This decision was made in view of the facts of the case under admiralty rule 13, referred to.

I make no ruling on the exception to the fifth article in the libel, wherein $1,000 for loss of the use of the barge under the contract of hire is mentioned. I am, however, inclined to the opinion that the respondents' proctor is correct in his contention as to that claim of the libelant. But I think it would more properly come up on the hearing of the case on the merits.

The exceptions to the libel are overruled.