## THE KING BLEDDYN.

District Court, S. D. Alabama, S. D. April 20, 1927.

**Admiralty ⟨⟩88—Any decree properly rendered against vessel seized can be rendered against claimant, though surety's liability is limited to face of bond.**

Where vessel, against which libel for collision was filed, was claimed by owner and released on giving of bond, any decree which might have been rendered against the vessel can be rendered against claimant, although surety's liability is limited to face of bond, since holding claimant to such liability does not constitute rendering judgment in personam on a proceeding in rem.

In Admiralty. Libel by John Jones, as master of the steamship Sulanierco, against the steamship King Bleddyn and its claimants. Decree for libelant.

Harry T. Smith & Caffey, of Mobile, Ala., for libelant.

Rich & Hamilton, of Mobile, Ala., for the King Bleddyn and claimants.

ERVIN, District Judge. The facts are that a libel was filed by the owners of the steamship King Bleddyn against the steamship Sulanierco in a cause of collision. On the following day John Jones, as master of the steamship Sulanierco, filed a libel in a cause of collision against the King Bleddyn.

The court took jurisdiction of both libels, and they were consolidated and proceeded thereafter as one cause. Each vessel was claimed by its owner, and released on the giving of bond; that of the King Bleddyn being given by her owners, who claimed her, and signed by a surety company. There was a decree finding the King Bleddyn liable, but the amount of the decree, plus the costs taxed against the King Bleddyn, exceeded by several hundred dollars the face of the claim bond given by her, and it is contended that the claimants are not liable beyond the face of the bond.

It is urged that the stipulation or bond takes the place of the vessel, and the latter cannot be rearrested in the same suit, unless in case of a fraudulent appraisement or bond. Hughes on Admiralty, pp. 407, 408; 1 Benedict, Admiralty, § 364; The William F. McRae (D. C.) 23 F. 558, per Brown, D. J.; The John B. Rose Co. (D. C.) 254 F. 367, per Hand, D. J.; Lamprecht v. Cleveland-Erieau S. S. Co. (D. C.) 291 F. 880, 881. In a proceeding exclusively in rem there is no jurisdiction to render a personal decree against the claimant. The Ethel, 66 F. 340 (5 C. C. A.) per Toulmin, D. J.; The Nora, 181 F. 845 (D. C. Fla.); The Lowlands, 147 F. 986–988 (D. C. Ga.); The Silverway, 14 F.(2d) 154, 157 (D. C. Ga.).

Should both propositions be conceded, the result claimed would not follow. Certainly the claimant substitutes himself for the vessel, regardless of the bond, and it must therefore follow that any decree which might have been rendered against the vessel can be rendered against the claimant. If the vessel cannot be rearrested for the same cause, then the claimant, by having her bonded out, should not release any of the liability she would have been subjected to if she had not been claimed. To hold otherwise would permit him to work injustice on the libelant.

If either the clerk or the court should inadvertently fix and accept a bond in too small an amount, that should not be permitted to

prejudice the libelant. The liability of the surety is limited to the face of the bond, but it is an entirely different matter as to the claimant, who substitutes himself for the vessel and is the real principal in the bond. By so doing he submits himself to the jurisdiction of the court, and takes the place of the vessel that is released on his claim, so that any decree that could have been rendered against the vessel may be rendered against him.

This is not rendering a judgment in personam against him on a proceeding in rem, which the authorities cited hold cannot be done, but is rendering a decree in rem against him to the same extent it could have been rendered against the vessel seized, because he has substituted himself for and in place of the released vessel. The libel has not been changed in any way to pray for a personal decree against the owner; there has been no change from a proceeding in rem to one in personam; the claimant has merely substituted himself in the place of the vessel, to receive such decree as would have been rendered against the vessel.

Any other holding might work great hardship and injustice. Admiralty courts do not look for technicalities and misapplication of legal principles to defeat justice, but wipe them away where necessary to do complete justice. The Wanata, 95 U. S. 611, 24 L. Ed. 461, supports the conclusion I reach, and the Southwark (D. C.) 129 F. 171, is to the same effect; so is 1 Benedict on Admiralty (5th Ed.) § 418.

The fact that the court might at any stage of the cause have required the claimant to give additional security, so as to cover the aggregate of the costs and claim as now found, shows that the court has jurisdiction to render a decree against the claimant beyond the face of the bond, for certainly the court can do directly what it could do indirectly. The court could not have required the surety to increase its liability, and this shows the difference.

A decree will therefore be entered against the sureties for the face of the bond, and against the claimants for both the claim and costs in full.