**THE CITY OF SINGAPORE.**

District Court, S. D. New York.
July 9, 1946.

John F. X. McGohey, U. S. Atty., of New York City (Max Taylor, Sp. Asst. to U. S. Atty., of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox & Keating, of New York City (Robert S. Erskine and Charles N. Fiddler, both of New York City, of counsel), for claimant of the City of Singapore.

COXE, District Judge.

This is a motion by the libelant to transfer the suit to the common law side of the court, and for other relief. There is also a cross-motion by the claimant to dismiss the suit for lack of jurisdiction.

The suit is in admiralty for alleged damage to a submarine cable in New York Harbor owned by the United States. The libel is solely in rem against the S. S. "City of Singapore" for negligence in fouling the cable while the vessel was proceeding to sea; no claim is asserted in personam against the owner, and the prayer is only for the issuance of process against the vessel.

After the filing of the libel, Ellerman & Bucknall Steamship Co. Ltd., a British corporation owning the vessel, made, through its proctors in New York, formal claim to the vessel; security satisfactory to the United States was thereupon deposited with a New York bank to take the place of the vessel; and an answer was filed on behalf of the owner as claimant, denying liability and denying admiralty jurisdiction. The owner has never been served with process, nor has it appeared generally in the suit.

The libelant concedes that under the recent decision of the Circuit Court of Appeals in United States v. The John R. Williams, 2 Cir., 144 F.2d 451, certiorari denied Great Lakes Dredge & Dock Co. v. United States, 323 U.S. 782, 65 S.Ct. 271, 89 L.Ed. 625 the suit cannot be maintained in admiralty; but it insists that the suit may properly be transferred to the common law side of the court and continued in personam against the owner without disturbing the fund deposited to release the vessel.

The John R. Williams decision provides no support for this suggested procedure. In the Williams case the libel was filed both against the tug "John R. Williams" in rem and against the tug's owner, Great Lakes Dredge & Dock Company, in personam; and Great Lakes Dredge & Dock Company appeared and contested the suit not only as claimant, but as respondent in personam. The Circuit Court of Appeals held that the subject matter of the suit was not within the admiralty jurisdiction, and directed that the libel against the tug "John R. Williams" in rem be dismissed. It did, however, allow a recovery against the owner in personam by treating the case against the owner as though it had been brought on the common law side of the court; and this was possible because personal jurisdiction over the owner had been obtained.

In the present case the court never acquired personal jurisdiction over the owner, and there is, therefore, nothing to transfer to the common law side of the court. The owner came into the case to protect the res, and the mere filing of a claim to the vessel, together with an answer, did not give the court jurisdiction to render a personal judgment against the owner. The Monte A, D.C., 12 F. 331; The Ethel, 5 Cir., 66 F. 340; The Nora, D.C., 181 F. 845; J. K. Welding Co. v. Gotham, D.C., 47 F.2d 332; The Chickie, 3 Cir., 141 F.2d 80. The case of The Minnetonka, 2 Cir., 146 F. 509, cited by the libelant, does not help the libelant, for there the admiralty court had jurisdiction in rem and over the subject matter, and a recovery was allowed against the claimant in excess of the amount of the bond because of an inadvertent mistake in originally stating the amount of the loss at less than it was found to be on the reference. The decision has no application to the present case, where there is concededly no admiralty jurisdiction, and it may well be doubted

whether it extends beyond its own special facts. See The Susquehanna, 2 Cir., 267 F. 811.

I think, therefore, that the libelant's motion to transfer the suit to the common law side of the court must be denied, and the cross-motion of the claimant to dismiss for lack of jurisdiction granted. With this disposition, it is unnecessary to consider the other relief sought by the libelant.

The libelant's motion to transfer the suit to the common law side of the court is accordingly denied, and the claimant's cross-motion to dismiss the suit for lack of jurisdiction granted.