**Aubrey STEWART, Plaintiff, Appellant,**

v.

**STEAMER BLUE TRADER, Defendant, Appellee.**

**No. 7551.**

United States Court of Appeals, First Circuit.

Heard June 3, 1970.

Decided June 25, 1970.

---

**362**

Merrill B. Nearis, Gloucester, Mass., for plaintiff, appellant.

Robert J. Hallisey, and Hiller B. Zobel, Boston, Mass., with whom William G. Young and Bingham, Dana & Gould, Boston, Mass., were on brief, for defendant, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ This is an action brought in rem against the BLUE TRADER, a vessel of foreign origin. Upon counsel's receipt of the complaint and furnishing of a letter of undertaking, no attachment was made and the vessel was permitted to sail. On the basis of the showing made in plaintiff's deposition and memoranda filed by both parties, the district court dismissed the complaint. Plaintiff sought to amend to an action in personam, but while the court has jurisdiction in rem by virtue of the stipulation, there was no service to support in personam recovery. The defendant's appearance to defend the in rem action is not itself enough. The Ethel, 5 Cir., 1895, 66 F. 340, 342 (alternate holding); see Logue Stevedoring Corp. v. The Dalzellance, 2 Cir., 1952, 198 F.2d 369, 372.

The facts, according to plaintiff's deposition, are these. Plaintiff, a resident of Gloucester, Massachusetts, met one Puddister, a seaman on the BLUE TRADER, at a local bar. Puddister had over-imbibed and plaintiff, fearing that he might be injured either on the way to the dock or in boarding, elected to accompany him to the ship. Whether or not Puddister requested this service, at least he did not decline it. Once aboard, plaintiff accepted an invitation to the crew's quarters for a drink. There, unmindful of any appreciation due to plaintiff for services rendered, Puddister chastised him, both orally and physically, for being a "Yankee son of a bitch."

■ At the time of the assault plaintiff had been aboard about ten minutes. Even if we could assume that he had rendered necessary services to the vessel, on proper request, by assisting Puddister, any such services were completed. Thereafter, as the guest of a member of the crew, he was a mere licensee. As such he could have no right to sue on a warranty of seaworthiness, Kermarec v. Compagnie Generale Transatlantique, 1959, 358 U.S. 625, 629, 79 S.Ct. 406, 3 L.Ed.2d 550; Schwartz v. Compagnie General Transatlantique, 2 Cir., 1968, 405 F.2d 270, 275–276 even were we to go so far as to say that a drunken sailor who commits an assault, with no evidence of generally dangerous proclivities, would constitute a breach of such warranty. Cf. Boudoin v. Lykes Bros. S. S. Co., 1955, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354.

■ Absent a warranty, plaintiff as a licensee can recover for negligence in

an action in personam. *Kermarec,* ante. He cannot, where the injury resulted from an assault, recover in rem. This was shown by Admiralty Rule 15. The abolishment of this rule did not substantively enlarge in rem actions. Furthermore, we see no evidence of negligence. And whatever one might think of the principle established by Ira S. Bushey & Sons, Inc. v. United States, 2 Cir., 1968, 398 F.2d 167, 82 Harv.L. Rev. 1568 (1969), extending respondeat superior to foreseeable risks of a business enterprise, we would think long before applying it to impose liability for an assault on a drinking companion by a frolicking seaman.

Affirmed.